The next case is the second best medical case, No. 21, 2099, and 2100. Mr. Coyne, when you're ready. Yes, Your Honor. Can you hear us okay now, Judge Lynn? Yes, I can, I was just having a little trouble hearing the judge's questions. Yeah, we moved our microphones to right in front of us, so hopefully that will help. Yeah, I know you're coming across loud and clear, thank you very much. Okay. Mr. Coyne, thank you for bearing with us. Oh, no problem, please report. So, in this Interparts Review, the initial thing I think that needs to be addressed is that for part of it, so for the IPR 2020-0071, I believe it's 970, there's the issue of whether Best Medical has standing to even bring this appeal, and I'd like to submit that. Counsel, I'm sorry to interrupt, but do you mean, is there standing with respect to Claim 1 to bring the appeal? Right, yeah, that's what I was actually going to just say, that it's only related to Claim 1. Claim 18 was also an issue in those. Claim 18, there's no appeal on that, it's just with respect to Claim 1. So, the standing issue, the claim cancellation issue, only relate to Claim 1. And I submit that Best Medical has standing, because Best Medical was injured, in fact, by the board's decision. Can you just clarify this for me? Claim 1 is the one that you canceled in re-examination? That's correct, Your Honor. But you didn't fill out whatever, or do whatever you needed to do to cancel it in the IPR? Well, that I think is probably what one of the disputes is. You didn't do what they usually do in IPR, which is submit some kind of statutory disclaimer, or the like. Well, Your Honor, that would be maybe ordinary if the claim was canceled as part of the Interparties Review. This is different, because there was a different- No, I understand, but that's what we're looking at for the IPR. You didn't do anything in the IPR to formally cancel the claim. You're relying on your cancellation in the re-exam. Well, yeah, but Best Medical did bring it to the board's attention that the claim was canceled. But you're correct that we did not file a disclaimer, and I would submit that- So, okay, I want to get, what's happening with the re-exam now? Is it final? The re-exam is final. Completely final. Well, it's final, it's on appeal, it's on trial appeal. Well, it's final in our view- Coupled with words, I just want to, is it final, or is it on appeal to the PTAB? It's on appeal to the PTAB. So, it's not final? If that's the definition of what final is. I mean, from our perspective- Well, I think the definition of a final agency action is when it's final, and the appeal period has been exhausted. And so, it's not. Yes, under that definition, it would not be final. From our perspective, during the re-examination, and that was one, actually, that the petitioners, the appellees, filed concurrently with this. The claim was canceled, and there was no kind of reservation of, we'll bring it back later. What I mean by final in that regard is- Well, you have some squirrelly language with the cancellation. You make some kind of, I don't have it right in front of me.  It was without prejudice, or disclaimer, something like that. It was without prejudice because of, basically, the other actions. I mean, there were two litigations pending at that point in time, one of which has since settled. There was the inter-partisan review proceeding going on. So, it was without prejudice in terms of, not that we can't make arguments in other cases. How was the board to understand it, though? When the board sees, without prejudice, claim one canceled, without prejudice or disclaimer, and they have a duty under SAS to review all the claims that are in the petition, including claim one, why is it unreasonable for them to think they have to treat claim one? Because it's not just canceled, it's canceled without prejudice or disclaimer. Well, I think it was without prejudice or disclaimer with regard to the kind of arguments that we've made regarding the prior art. But how was the board to know that that's what you meant? I'm not sure that we got into that during the discussion, during the board presentation. But I guess, from our standpoint, the fact that it was canceled, even if there was that caveat, which is, I'd submit is, you know, it was a double patenting rejection. And so that caveat is oftentimes made, in our view, during, you know, patent office proceedings. But the fact remains that the claim was canceled. But the problem for you is, the board is, this is not the re-exam, this is an IPR, and the board does have the obligation under SAS. And if you haven't filed some kind of formal cancellation or disclaimer in the IPR, they have to go forward with it. And you didn't. So let me get back to what you were trying to get to, which is, let's just assume that the board was correct to rule on claim one and to find it invalid. If that's the case, then it seems to me, you're probably correct that you're upstanding because that claim was canceled. Or not, that claim was not fully and finally canceled. And my question to you is, are you now, I'm a little confused as to where we are, because the re-exam is still going on. So that's not final. So the claim is not finally canceled as a result of a final re-examination decision. So are you agreeing that the claim should be considered finally canceled for purposes of this appeal? Because here's the thing. If that's the case, then why isn't the appeal of that one moot? If you agree. And if you don't agree, if you agree that it's still pending in the re-exam, then the board was right to consider it, and you're right to appeal it. And it's not moot, and you're certainly upstanding, and we can get to the merits. But maybe I should clarify. Because you have two, you have kind of contradictory arguments, which is the board shouldn't have addressed this at all because it was canceled and therefore wasn't for them. But now you're saying you have standing. If it was canceled and wasn't before then, then I don't, I think, I don't know if it's standing or mootness, but you can't be arguing about the merits of it now. I mean, what is it? What's your view of how this should play out? So let me back up a second also to clarify, too. So the Claim 1 was canceled in the re-examination. That is on appeal. The cancellation of Claim 1 or the double patent rejection as part of Claim 1 is not part of the appeal. So we're not arguing, we're not asserting that Claim 1 is coming back or that we're going to reinstate it in any event. So at that point, when you have a notice of appeal, you've filed with the board, you've canceled the claim, and you're not appealing, identifying Claim 1 as an issue or the double patenting as an issue, at that point, is your claim finally canceled? In our view, yes. And I think actually in the petition, in the appellee's view, too, I think some of the arguments was originally, well, you know, that the re-examination is still ongoing. There wasn't a final office action until, you know, sometime after the board made its decision. But in our view, you know, once we made the cancellation, there was a final rejection, we appealed to the board. But Claim 1 was not part of the appeal. So the agency, the final action is final as to Claim 1? That's correct. So then why isn't your appeal properly considered and moved? Because, and that's where I got to in the beginning, what we consider to be injuring fact. And this, frankly, may be a somewhat novel issue because the injuring fact we're asserting, yes, Claim 1 was canceled for the 096 patent. But the board's decision, since they went ahead with it anyway, was cited by the- Because it wasn't final. Let's just start with the premise that I agree that the board could go forward with it there hadn't yet been a final office action. Well, under that premise, I think if it's not final, then I think that we would still be injured of fact because that determination of Claim 1 hasn't been made yet. Can we just clarify one more time the timing of this? When did the final office action with regard to Claim 1 occur via the board's decision in the IPR? Was it after or before the board initiated, did the IPR? Well, it was before the board issued its final written decision. And the notice of appeal that you filed was before the board decision in the IPR, right? The notice of appeal in the re-exam. Oh, the notice of appeal in the re-exam. Yes, I'm sorry. Yes, that was before that. Correct. Mr. Coyne, let me see if I've got it correct or not. My understanding is that Claim 1 was canceled in the re-exam. And at the time the board in the IPR made its final decision, while that claim was canceled, it wasn't final because the re-exam was still pending. Is that correct? Well, the board in the IPR said, we're going to address Claim 1 because even though it was canceled, the proceedings are ongoing and it's not final. Right, well, yeah, specifically. Okay, but just bear with me. But then before you appealed to our court, you filed an appeal in the re-exam but did not attempt to reinstate Claim 1, correct? That's correct. So Claim 1 in the re-exam was dead and not subject to reinstatement or revival or anything else prior to the time you filed your appeal, in this case, to our court, correct? That's correct. Well, it seems to me that you don't have standing with respect to the obviousness question per se on Claim 1. Now, my understanding is that's not really what you're asserting. You're claiming a basis for injury on the fact that the board's decision on that question is extant and causes injury, correct? That's correct because the board, the fact that board went forward with the decision, even though the claim is canceled, caused injury, in fact, to the best medical because of what the examiner did in a co-pending re-examination on the 283 patent, which is a parent patent to the 096 patent. I just wanted to clarify what exactly it is that we need to wrestle with respect to the standing question. And it seems to me that the standing question is all about whether there is some definite, particularized, concrete injury caused merely by the statements made by the board in its decision on Claim 1. And if that's correct, then we can address that. And I'm not commenting on the merits one way or the other. I just want to see if I can clarify what exactly it is we have to deal with. Right. It's the fact that the board's decision was issued and that decision is now being used by an examiner and a different patent re-examination to say, I'm bound by what the PTAP said in this 096 patent. This is a third proceeding. There is a third proceeding in which the patent examiner is saying that he is maybe essentially bound, might be the right words, I don't recall, by there's a claim that I guess is similar to Claim 1 and the prior art rejection involves the same prior art that the board was looking at in the IPR. And I guess you're arguing that the examiner has collaterally stopped or there's issue preclusion. Am I right? Well, the examiner feels that he is... What if the examiner is wrong? And also, why does that give you standing in this case? You can assert those arguments in that case, but not in this case. If you have no interest in getting Claim 1 restored, then how can you have standing? And can you just clarify? Because I've heard two different answers and maybe my questions aren't clear. The agency action became final office action and then your notice of appeal, which didn't include Claim 1. Was it before or after your notice of appeal here? It was before the notice of appeal here. Well, then it seems like you do have a standing problem. If your view is by not appealing Claim 1, your cancellation became final, then you have no legal interest in that anymore. And so, it was what legally could not... And so if your theory is this decision out here may impact a different litigation, that may give you arguments in that litigation, but I don't see how it gives you standing here. Because I guess our argument again is that we were injured in fact by the fact the board issued that decision. Sure. You were maybe injured and maybe had standing at the time the board issued the decision up to and including right until you decided not to appeal that decision. And no longer do you have any standing because you have no interest in getting Claim 1 overturned. Well, we have an interest in either having that decision vacated or if it's determined that there is potential standing that on the merits, there was no obvious... The obviousness in terms of Oldman Vigors wasn't there because Vigors teaches away from... Vigors basically says you couldn't do what the petitioner said you should be able to do with these references. We've had a lot of questions and you've exhausted your rebuttal time. I'll restore all three minutes. Can we hear from the other side now? Thank you, Ewan. Mr. Is it Lemieux? It's good enough, Your Honor. Well, tell me how to say it correctly. It's Lemieux, but the sounds aren't in American English. I can't say it with the accent. I've grown up with it. That's why I go by Ron and I just answer to that and it makes it a lot easier. Good morning, Your Honors. Can you just clarify and make sure we all understand the timeline? Because I think the timeline is very important. At the time the court issued its decision here, they canceled the claims and re-exam, but there wasn't a final agency action? That's correct. And as the court has pointed out under SAS, the board then was required to go ahead and issue... But at some point between issuing that decision and appealing to us, there was an agency office, this final agency office decision, and they chose not to appeal claim one. And so that became final. That's correct. In fact... Just to make sure I've got it right, I think the notice of appeal was filed on June 9th, 2021. That's the notice of appeal to the board in the re-exam. And then the notice of appeal in this case was filed on June 25th, 2021. Do you have that right? There's a several week difference. Yeah, the notice of appeal to this court was the last item that took place. Before then, there was a notice of appeal. There was a final office action in the 283, the other proceeding segment. And there was a final office action in the 096 re-exam as well. So both of those final office actions had occurred prior to the notice of appeal. We agree completely with the sentiment that I've heard expressed by the bench today that there's no standing here. They lost it. I mean, it's one of those situations, be careful what you ask for. They filed a cancellation in the re-exam. They didn't file, though, the proper notice that they should have under 35, 316D, I believe, 318D, I'm sorry. They had numerous ways to bring this to the attention to the panel before they issued this final written decision. They just didn't. So what about their argument, which is that they are still injured because of the examiner in another re-examination, perhaps maybe applying collateral estoppel or issue preclusion based on the board's finding with respect to claim one? And does issue preclusion even apply? I'm not sure that it does, Your Honor. And that's an issue that really should be part of the appeal from the final office action in the 283. They've posited that this somehow could create for them some collateral problem or that the examiner has said he felt constrained by this. That's an issue that should be brought up in that appeal, which is still pending. That's too speculative for this court on the 096 patent to say, wait a second, there might be a problem in this other patent. We don't know for sure yet. And that appeal is still open and it's pending for them to say that that's the injury, that's the concrete injury cost here that provides them standing in this case. They lost the standing in this case when they canceled their claim. They did not make it final before then. So the panel had to go ahead and issue its decision. And it wasn't made final until after the written decision had already occurred. Once they made it final, they lost jurisdiction to appeal that issue in this court. They can still address it in the 283 re-exam, but they lost the ability to address it here. Let me ask you a question about that. In the 283 re-exam, if at some point the determination is made that, in fact, there's a sufficient similarity in the claims that the padlocks is bound by the earlier decision, what remedy does BMI have? I assume they can argue that, well, no, no, no, it's different. It's a different claim and a different scope, and it should not be binding. But if that decision doesn't have any merit to it, then they're stuck simply because of the fact of the earlier decision. It's not wrong. Well, I'm not sure that that would be the case necessarily, Your Honor, in terms of PTO procedure on that appeal. However, if they did, at that point they have concrete injury. Right now it's purely speculation as to whether or not something that may occur in this other co-pending appeal may cause damage. The point I'm trying to make is that we don't know whether this is going to happen or not. But the point I'm trying to make is if it does happen, then it seems to me that their arguments are constrained because the only thing they can argue is that, well, no, the claims in the 283 reason are different, and they're not close enough to create an obligation for us to follow the earlier rationale expressed in the 496 free exam. But as I understand it, BMI is arguing that, well, because the board really shouldn't have made that decision in the first place, we'd like to get that removed so that that barrier isn't even there. I guess, Your Honor, my response to that would be is then they should seek vacator in that appeal. But it's not available here yet. That if that's the problem, if they actually show in the 283 appeal that this decision has caused them some concrete injury because of- Well, that doesn't seem to make sense either. How can you ask for vacator of a final decision in this case for another thing? Aren't you just limited to arguing that the board's decision was wrong and that the examiner shouldn't follow it and the board shouldn't follow it? That would be true, Your Honor. That's right. That would have no collateral estoppel effect, and therefore it shouldn't be followed. Well, even if they decide they're going to follow collateral, the ultimate answer is they're going to get an appeal to us and we're not bound by that board decision in this case, are we? No. So even if the board finds itself collaterally stopped by this decision, they can still raise all their arguments on the merits to us. That is correct, Your Honor. That is correct. And that's why in this case- I suppose I should have asked Mr. Coyne, but my understanding is that they did not request reconsideration of the board's final decision in the IPR that's before us on this issue. Is that right? Correct, Your Honor. They didn't go back to the board after the final written decision and say, excuse me, we shouldn't have addressed Claim 1. Claim 1 was canceled and this might hurt us down the road. Please remove this. That's correct, Your Honor. They did not seek reconsideration of that part of the final written decision. And it relates to their request for a vacator here, Your Honor. They can't ask for a vacator when it's a problem of their own doing. The case law is pretty clear on that. Are you talking about Munsingware? Munsingware. And even some of the other cases that have been cited in there, the focus, because it's an equitable remedy, is what caused the problem. What caused the problem here was their failure to follow proper procedure and officially either take a statutory disclaimer, file the appropriate motion. They had a number of different ways to do it. They just chose not to do any of them. Munsingware would apply where the case becomes moved based on the unilateral action of you, your client. That's right, that's right. Some unilateral action that we would have taken or if it happened while the appeal was pending. This all happens, this is why it goes to the standing issue. This all occurred before they even filed their notice of appeal, which takes away their ability to file the appeal on claim one in the first place. I would address any of the other issues, but they have been raised by counselors. Unless the panel has questions, I'm willing to concede the rest of my time. Thank you. All right, thank you. Thank you for storing some rebuttal time. I think one thing we said is that, I think there's been some allusion to our that Best Medical didn't raise this before the board. Best Medical did raise the fact of the cancellation before the board. We did it in our server client brief. We did an oral argument. We updated our mandatory notices. The board knew full well the claim was canceled. But isn't the real question here that what you're asserting as harm is just not sufficient harm to give you standing in this case? If you want to argue in the other proceeding that the board's decision is incorrect, you can. And it may be that because of the posture, the examiner is going to follow the other board, this board decision, and the board's going to follow it. And you're going to have to come up to us to get an appeal of those issues. But you're going to get an appeal of those issues. Just not here, where there's no live controversy anymore. Well, you're right. I think that, first of all, the examiner has, we have argued that this decision was incorrectly made to the examiner. The examiner said, I feel bound by what the board did. So he finally canceled the claims. You can argue to the board that he shouldn't have felt bound. You're right. And then the board, you know, could say, look, we feel bound because it's very decisive with our other panel mates. We don't want to do that. And we could appeal it. But to admit the damage, you know, the final rejection has been made. You know, there's going through all that. Is that re-examination? I just have a quick question. Is that re-examination involve varying medical systems? The very middle, there has been a settlement with varying medical systems. So varying medical systems. The specific re-examination that we're talking about, which is the one in which the examiner said they feel bound. Is that ex-party or inter-parties? And if it's inter-parties, who is the party involved? Other than your client. It was ex-party. It was filed by varying medical systems after this inter-party review proceeding was initiated. So, I mean, in our view, it's kind of almost like double butted the apple. They, you know, because of the double patent rejection. I'm just wondering why issue of preclusion would even apply. One of the elements for issue of preclusion is it's got to be between the same parties. Just having trouble with this whole idea that anybody's bound. But I understand it's not an issue before us, but it's an issue for your, that could be raised in the re-exam. I mean, there's a difference between being a stopped and bound or just agreeing with it as precedent. And you can always argue that the decisions of the examiner and the PTAB, you know, even if they feel like that the problem is precedent are incorrect to us. I just don't see how there's anything beyond really speculative harm in this case. You gotta wait till there's actual harm in another case. Because that's the only injury you're asserting is that it might harm you in another case. Well, I think you're on. I think it's injury to the party, not to this case or to this patent. No, I don't think that's right. I mean, I think to have standing, you have to show that the injury can be traceable to something going on in this case. And I think that it is traceable in terms of it's because of the decision in this case that has caused injury to Best Medical because of the decision that was made. And I understand the position that, well, yeah, we can argue this down the road in another appeal after we get through the PTAB appeal and the 283 patent if we don't succeed in that appeal. Okay, I think you're beyond even the time limit, sir. Thank you for your arguments. The case is submitted.